**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

MARIA BAQUERA,

             Appellant,

      v.

OFFICE OF PERSONNEL
    MANAGEMENT,

             Agency.

DOCKET NUMBER
DA-0831-16-0103-I-1

DATE: September 13, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Miguel A. Mota, El Paso, Texas, for the appellant.

Kristopher L. Rogers, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) denying her application for survivor annuity benefits. Generally, we grant petitions such as this one only when: the initial decision contains erroneous

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      In 1984, the decedent, Andres Baquera, retired from Federal service. At the time, he was married to Amelia Baquera, and he elected a reduced annuity with full survivor benefits for her. Initial Appeal File (IAF), Tab 7 at 41-43. She died in 2005 and the decedent married the appellant in 2006. IAF, Tab 4 at 11-12. He filed new designation of beneficiary forms for his Civil Service Retirement System (CSRS) benefits and his life insurance, but he did not elect a survivor annuity. IAF, Tab 7 at 20-21.

¶3      In 2015, the decedent died and the appellant applied for survivor annuity benefits. IAF, Tab 4 at 13, Tab 7 at 36-40. In a reconsideration decision dated November 3, 2015, OPM affirmed its initial decision denying her application on the basis that the decedent never elected a survivor annuity for the appellant. IAF, Tab 7 at 6-7. The appellant appealed.

¶4      After holding the appellant's requested hearing, the administrative judge affirmed the reconsideration decision. Initial Decision (ID) at 1, 6. He found that OPM proved that it sent the required annual notices concerning survivor

annuities to the decedent's address of record and that the appellant did not show that the decedent elected a survivor annuity for her. *Id.* at 3-6.

¶5  Under 5 U.S.C. § 8339(j)(5)(C)(i), a retired employee who was married at retirement and who thereafter remarries may irrevocably elect, in a signed writing received by OPM within 2 years after the remarriage, a reduction in the employee's annuity to provide a survivor annuity for the new spouse. *Hatch v. Office of Personnel Management*, 101 M.S.P.R. 300, ¶ 5 (2006). OPM is required to annually notify annuitants of their survivor annuity election rights under 5 U.S.C. § 8339(j). *Simpson v. Office of Personnel Management*, 347 F.3d 1361, 1364 (Fed. Cir. 2003); *Hatch*, 101 M.S.P.R. 300, ¶ 5. OPM has the burden of proving both that it sent the annual notice and that the notice was adequate to inform the annuitant of the specific election requirements under 5 U.S.C. § 8339(j). *Hatch*, 101 M.S.P.R. 300, ¶ 5.

¶6  Here, the administrative judge correctly found that OPM met its burden of proof. OPM submitted copies of sample notices and the affidavit of Cyrus S. Benson, which the Board has repeatedly found sufficient to establish that OPM provided the required notice. *E.g.*, *Nunes v. Office of Personnel Management*, 111 M.S.P.R. 221, ¶ 21 (2009); IAF, Tab 7 at 9-16. The appellant did not challenge this evidence below or on review.

¶7  An individual seeking retirement benefits bears the burden of proving entitlement to those benefits by preponderant evidence. *Cheeseman v. Office of Personnel Management*, 791 F.2d 138, 140-41 (Fed. Cir. 1986); 5 C.F.R. § 1201.56(b)(2)(ii). To meet this burden in this case, the appellant must show that the decedent elected to provide a survivor annuity for the appellant "in a signed writing received" by OPM within 2 years after his marriage, or, by June 13, 2008. 5 U.S.C. § 8339(j)(5)(C)(i); *Kirk v. Office of Personnel Management*, 93 M.S.P.R. 547, ¶ 4 (2003).

¶8  The appellant does not specifically contend that the decedent made a proper election. Instead, she asserts that he intended to provide a survivor annuity for

her and thought he was doing so when he submitted newly executed designation of beneficiary forms.  To make an effective election of a survivor annuity benefit for a current spouse, an annuitant must manifest an unmistakable intent to make such an election.  *Robinson v. Office of Personnel Management*, 106 M.S.P.R. 255, ¶ 8 (2007).  The submission of a completed designation of beneficiary form to OPM does not manifest an unmistakable intent to elect a survivor annuity benefit.  *Id.*; *Kirk*, 93 M.S.P.R. 547, ¶ 10.  Therefore, we find that the administrative judge correctly concluded that the appellant failed to meet her burden of proving that she is entitled to survivor annuity benefits.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.

Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD: _____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.